**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| MYA M TRACY, a single person; M T, a minor, by and through his mother, Mya M. Tracy,<br><br>    Plaintiffs - Appellants,<br><br> v.<br><br>JENNIFER KNIGHT; JOHN DOE KNIGHT; MULTICARE HEALTH SYSTEMS,<br><br>    Defendants - Appellees. | No. 10-36107<br><br>D.C. No. 3:09-cv-05588-RJB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, Senior District Judge, Presiding

Argued and Submitted August 2, 2011
Seattle, Washington

Before: SCHROEDER and M. SMITH, Circuit Judges, and FOGEL, District
Judge.[**]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Jeremy D. Fogel, District Judge for the United States District Court for the Northern District of California, sitting by designation.

Mya Tracy, as an individual and on behalf of her minor child, M.T. (collectively the Tracys), appeals the district court's order granting summary judgment to defendants MultiCare Health System (MultiCare) and its former employee, Jennifer Knight. The Tracys sued Knight and MultiCare for violations of 42 U.S.C. § 1983 and the Washington state tort of outrage, after Knight allegedly excluded Mya from M.T.'s medical examination.

The parties do not dispute that R.C.W. 4.16.080 provides the three-year statute of limitations governing Mya's claim arising under 42 U.S.C. § 1983. The same statute of limitations also governs Mya's state law claim. *See Milligan v. Thompson*, 953 P.2d 112, 115 (Wash. Ct. App. 1998). Because Mya filed suit more than three years after her claims arose, and tolling does not apply, the district court properly granted summary judgment as to Mya.

Summary judgment was also appropriate with respect to M.T.'s § 1983 claim because even if the panel assumes that defendants were state actors they were entitled to qualified immunity since they did not violate a clearly-established federal right. *See Pearson v. Callahan*, 555 U.S. 223, 231-32 (2009). We have recognized that a child's right to have a parent present during a medical examination is not absolute, and a parent may be asked to wait nearby if there is a valid reason for excluding them. M.T. did not have the absolute right to have Mya

2

present in the examination room when Mya consented to the exam, hospital employees were concerned that Mya would interfere with the investigation, and Mya was allowed to wait in a nearby waiting room. *Wallis v. Spencer*, 202 F.3d 1126, 1142 (9th Cir. 2000). There is no allegation that the examination itself was improperly conducted.

The state law claim of outrageous conduct is also without merit. The record shows that the exclusion of the mother from the examination was not unreasonable, much less outrageous. *See Birklid v. Boeing Co.*, 904 P.2d 278, 286 (Wash. 1995).

Appellees' request for sanctions is denied.

**AFFIRMED**.